17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony A. LUCA, Plaintiff-Appellant,
v.
Dr. Thomas LUTZ, et al., Defendants-Appellees.
 No. 93-17191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony A. Luca, an Arizona state prisoner, appeals pro se from the district court's award of summary judgment in favor of the defendants in his civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Appellant brought this civil rights action against prison officials, alleging that they acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights and that they interfered with his legal mail in violation of his First Amendment right to access to the courts. The district court granted summary judgment to the defendants.
 
 Standard of Review
 
 4
 This court reviews the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). A material fact is one that is relevant to the determination of the action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the nonmoving party must do more than simply show that there is some doubt as to the existence of a material fact; the nonmoving party must set forth specific facts showing the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
 
 Eighth Amendment Claim
 
 5
 Appellant, a Vietnam veteran, alleged that the defendants acted with deliberate indifference to his serious medical needs by refusing to provide him with a doctor specializing in Agent Orange exposure and Post Traumatic Stress Syndrome. The district court found that this failure did not constitute a violation of appellant's constitutional rights. We agree.
 
 
 6
 The relevant facts are not in dispute. Appellees offered appellant several opportunities to visit the Veterans Administration Hospital triage unit for Agent Orange exposure examinations and appellant refused these opportunities. Appellant was provided with a complete physical examination including numerous laboratory tests on site at the prison. In addition, counseling services are available at the prison for Post Traumatic Stress Syndrome.
 
 
 7
 To state a constitutional claim for deliberate indifference to serious medical needs, the prisoner must first demonstrate the existence of a serious medical condition of which the prison officials should have been aware. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), reh. den., 429 U.S. 1066 (1977). Once such a condition is established, the prisoner must demonstrate purposeful indifference to the condition on the part of the officials. Id.
 
 
 8
 Appellant has failed to demonstrate the existence of a serious medical condition. Appellant has provided no evidence of any medical condition arising from exposure to Agent Orange in Vietnam. Prison officials have provided appellant with an opportunity to be examined by Veterans Administration physicians and appellant has refused. Further, a thorough examination of appellant, including an extensive laboratory workup, has failed to uncover evidence of any medical condition.
 
 
 9
 Appellant has also failed to provide evidence that he suffers from Post Traumatic Stress Syndrome. Counseling is available at the prison, but appellant has not sought out these services. Prison officials have indicated a willingness to consider bringing in outside specialists if prison counselors recommend such action, but, unless appellant seeks their services, they will not know whether such a referral is warranted.
 
 
 10
 The undisputed facts demonstrate that appellant has failed to make any showing as to the existence of a medical condition warranting treatment by a specialist. Consequently, the district court properly granted summary judgment on appellant's Eighth Amendment claim.[1]
 
 First Amendment Claim
 
 11
 Appellant alleged that prison officials interfered with his First Amendment right to access to the courts by tampering with his legal mail. The district court found that appellant had failed to demonstrate intentional interference with his legal mail, and that mere negligence does not rise to a constitutional violation. We agree.
 
 
 12
 Appellant presented no evidence to support a claim of intentional tampering with his legal mail. Rather, it was established below that, while some legal mail may occasionally get improperly sorted with non-legal mail and opened outside of the prisoners' presence, it is not read by anyone and a report is made by mailroom staff for each such incident.
 
 
 13
 Negligence does not suffice to state a constitutional claim under 42 U.S.C. Sec. 1983. See Daniels v. Williams, 474 U.S. 327, 333 (1986). To state a constitutional claim of interference with the right of access to the courts, a prisoner must demonstrate that officials purposefully acted to deprive him of that right. Id. Further, the prisoner must demonstrate actual injury resulting from the violation. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 14
 Appellant has failed to produce any evidence of intentional interference with his legal mail. Further, appellant has failed to even allege any actual injury or denial of access to the courts resulting from appellees' actions. Consequently, the district court properly granted summary judgment on appellant's First Amendment claim.
 
 Conclusion
 
 15
 Because appellant failed to demonstrate any intentional violation of his constitutional rights by prison officials, we affirm the district court's award of summary judgment to appellees.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant also alleged that the prison officials conspired to prevent him from registering with the national Agent Orange Registry. The district court properly granted summary judgment on this claim because appellant provided no evidence beyond mere conclusory allegations to counter appellees' assertion that they provided appellant with the necessary forms to register